**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN SYLVE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1180** |
| **N. BURL CAIN, WARDEN** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Before the Court are Petitioner John Sylve's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2]  Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for federal habeas corpus relief raising four claims: (1) denial of his constitutional right to confrontation; (2) outside influences constructively denied him a fair trial; (3) ineffective assistance of counsel; and (4) insufficient evidence to support his conviction.[3]  The Magistrate Judge recommends that the matter be dismissed with prejudice as to each claim.[4]  Petitioner summarily objects to the Magistrate Judge's recommendation.[5]  After reviewing the petition, the Magistrate Judge's Report and Recommendation, the objections, the record, and the applicable

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 14.

[3] Rec. Doc. 5.

[4] Rec. Doc. 14.

[5] Rec. Doc. 15.

law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

## I. Background

### A.     *Factual Background*

On September 24, 2008, Petitioner was convicted of second degree murder by a jury in the 22nd Judicial District Court of Louisiana.[6]  On October 9, 2008, the trial court sentenced Petitioner to a term of life imprisonment without the benefit of probation, parole, or suspension of sentence.[7] On September 11, 2009, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[8] The Louisiana Supreme Court subsequently denied Petitioner's related writ application on April 9, 2010.[9]

Petitioner filed an application for post-conviction relief with the state trial court on September 1, 2010,[10] which was denied on August 23, 2012.[11]  His related writ applications were subsequently denied by the Louisiana First Circuit Court of Appeal on January 15, 2013,[12] and the Louisiana Supreme Court on September 13, 2013.[13]

---

[6] State Rec., Vol. II of IV, Trial Transcript, 9/24/08.

[7] State Rec., Vol. I of IV, Minute Entry, 10/9/08.

[8] *State v. Sylve*, 2009-0643 (La. App. 1 Cir. 9/11/09); State Rec., Vol. III of IV.

[9] *State v. Sylve*, 2009-2168 (La. 4/9/10), 31 So. 3d 380; State Rec., Vol. IV of IV.

[10] State Rec., Vol. III of IV, Application for State Post Conviction Relief, 9/1/10.

[11] State Rec., Vol. III of IV, Judgment on Post-Conviction Relief with Reasons, 8/23/12.

[12] State Rec., Vol. III of IV, 1st Cir. Order, 2012-KW-1938, 1/15/13.

[13] State Rec., Vol. III of IV, Supreme Court Order, 2013-KH-0319, 9/13/13.

Petitioner filed the instant application for habeas relief on June 9, 2014.[14] In response, the State concedes that the application was timely and that Petitioner properly exhausted each of his claims in state court. Nevertheless, the State argues that the claims are without merit and the petition should be dismissed.[15]

## B.     *Report and Recommendation*

The Magistrate Judge recommends that Petitioner's claims be dismissed with prejudice.[16] The Magistrate Judge first examined Petitioner's claim that he was denied his right to confrontation when Dr. DeFatta, the forensic pathologist who performed the autopsy on the victim, was allowed to testify from the coroner's investigative report.[17] The Magistrate Judge noted that "there is a consensus in the courts that autopsy reports do not constitute testimonial evidence."[18] Therefore, the Magistrate reasoned that "if a medical examiner who did not perform the autopsy may rely on and introduce into evidence the autopsy report, a forensic pathologist such as Dr. DeFatta, who did indeed perform the autopsy, ought to be able to rely upon the investigative report regarding the victim's body shortly after his death."[19] Alternatively, the Magistrate noted that the coroner's investigative report was not admitted into evidence, but was used to inform Dr. DeFatta's expert opinion.[20] The Magistrate Judge cited the Tenth Circuit, stating that "[t]he introduction of

---

[14] Rec. Doc. 5.

[15] Rec. Doc. 12.

[16] Rec. Doc. 15.

[17] *Id.* at 8.

[18] *Id.* (citing *United States v. De La Cruz*, 514 F.3d 121, 133 (2008); *United States v. Feliz*, 467 F.3d 227, 229 (2006)).

[19] *Id.* at 10.

[20] *Id.*

opinion testimony does not violate the Confrontation [C]lause when experts rely on their own independent judgment, even if it is based on inadmissible evidence, so long as they are not simply 'parroting' the out-of-court testimonial statements."[21]  Here, the Magistrate Judge concluded that Dr. DeFatta used his independent judgment to assess the findings in the report and thus did not violate the Confrontation Clause.[22] Accordingly, even if the report was an inadmissible testimonial statement, the Magistrate Judge determined that Dr. DeFatta's reliance on it did not violate the Confrontation Clause.[23]

Second, the Magistrate Judge addressed Petitioner's claim that outside influences—specifically media exposure of two jurors—denied him a fair trial.[24] When polled by the judge, one juror testified that his father told him the verdict in Petitioner's wife's trial, and another juror testified that he saw a headline about the case on a news website when he was checking the weather but did not read the article."[25]  The Magistrate Judge stated that, while the Sixth Amendment guarantees the right to a fair trial by an impartial jury, the "mere existence of any preconceived notion of guilt or innocence of an accused, without more, is insufficient to rebut the presumption that a prospective juror is impartial if the juror can lay aside his or her impression and render a verdict based on the evidence presented in court."[26]  The Magistrate Judge determined that

---

[21] *Id.* (citing *United States v. Kamahele*, 748 F.3d 984, 1000 (10th Cir. 2014)).

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 11.

[26] *Id.* (quoting *Willie v. Maggio*, 737 F.2d 1371, 1379 (5th Cir. 1984)).

Petitioner failed to show that either juror was actually partial and, therefore, he is not entitled to habeas relief on this claim.[27]

Third, the Magistrate Judge considered Petitioner's ineffective assistance of counsel claim.[28] Petitioner asserts that he received ineffective assistance of counsel when, during trial, his counsel failed "to object or request a mistrial regarding the two statements from the jurors that [Petitioner] contends showed partiality from outside influences, and when counsel failed to raise the issue on his direct appeal."[29] The Magistrate Judge found that counsel's failure to object should be afforded significant deference.[30] Further, because the trial court questioned the jurors and both testified as to their impartiality, the Magistrate determined that there was no reason to object nor any resulting prejudice.[31]

Finally, the Magistrate Judge addressed Petitioner's claim that there was insufficient evidence to support his conviction for second degree murder.[32] The Magistrate cited the Louisiana First Circuit Court of Appeal's decision addressing this issue, which found that the evidence clearly established that the four-year-old victim was severely abused while in Petitioner's care, and the medical evidence established that the death was due to battered-child syndrome.[33] Considering this evidence and Petitioner's testimony that he occasionally struck the child, the

---

[27] *Id.* at 12.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 15.

[31] *Id.*

[32] *Id.* at 16.

[33] *Id.*

Louisiana First Circuit found that the evidence was sufficient to show that Petitioner's abuse, at least in part, contributed to the victim's death.[34] The Magistrate Judge determined that "the record includes an abundance of facts which suggest that [Petitioner] either intentionally or negligently abused or negligently abused or neglected the victim which caused the infliction of unjustifiable pain, and ultimately his death."[35] Moreover, in his habeas petition, Petitioner did not specify why or how the evidence used against him was insufficient.[36] Accordingly, the Magistrate found that the state court's denial of relief was objectively reasonable and Petitioner was not entitled to habeas relief.[37]

## II. Objections

### A. *Petitioner's Objections*

Petitioner timely filed his objections to the Magistrate Judge's Report and Recommendation.[38] Petitioner summarily objected to the Magistrate's findings as to each claim, stating that "the magistrate's findings are erroneous, and . . . should be overruled, and remanded with instructions to conduct an evidentiary hearing on the issue."[39] Petitioner did not provide any further arguments in support of his position.

---

[34] *Id.*

[35] *Id.* at 18.

[36] *Id.*

[37] *Id.*

[38] Rec. Doc. 15.

[39] *Id.* at 2–4.

**B.**     *The State's Response*

The State did not file a response to Petitioner's objections despite receiving electronic

notification of the filing.

### III. Standard of Review

**A.**     *Review of the Magistrate's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to

provide a Report and Recommendation.  A District Judge "may accept, reject, or modify the

recommended disposition" of a Magistrate Judge on a dispositive matter."[40]  The District Judge

must "determine de novo any part of the [Report and Recommendation] that has been properly

objected to."[41]

**B.**     *Standard of Review under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power

of federal courts to grant Writs of Habeas Corpus in cases where a state court has adjudicated the

petitioner's claim on the merits.[42]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to

questions of law and mixed questions of law and fact unless it "was contrary to, or involved an

unreasonable application of clearly established federal law, as determined by the Supreme

Court."[43]  The Supreme Court has made a distinction between the application of the "contrary to"

---

[40] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[41] Fed. R. Civ. P. 72(b)(3).

[42] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[43] 28 U.S.C. § 2254(d)(1).

and "unreasonable application" clauses.[44] A federal habeas court may issue the writ under the

"contrary to" clause if the state court applies a rule in a way that is inconsistent with governing

law and Supreme Court precedent on identical facts; a federal habeas court may issue the writ

under the "unreasonable application" clause if the state court unreasonably applies the governing

law to the facts of the case.[45]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal

court will give deference to the state court's decision unless it "was based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceeding."[46]

### IV. Law and Analysis

### A.    *Denial of Right to Confrontation*

Petitioner claims that he was denied his right to confrontation when Dr. DeFatta, the

forensic pathologist who performed the autopsy on the victim, was allowed to testify from the

coroner's investigative report.[47] The Magistrate found this claim without merit, and Petitioner

objects to the Magistrate Judge's finding. Therefore, the Court will review this claim de novo.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against

him."[48]   The United States Supreme Court has explained that the Confrontation Clause bars

---

[44] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-404, (2000)).

[45] *Id.*

[46] 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485.

[47] Rec. Doc. 5-1 at 9–10.

[48] U.S. Const. amend. VI.

"admissions of testimonial statements of a witness who did not appear at trial unless he is unavailable to testify, and the defendant had had a prior opportunity for cross-examination."[49]

Although it does not appear that the Fifth Circuit has addressed this issue, both the First and Second Circuits have held that autopsy reports are not testimonial evidence.[50] In *United States v. James*, the Second Circuit reasoned that autopsy reports were not testimonial "because they were not created 'for the purpose of establishing or proving some fact at trial.'"[51] Here, Dr. DeFatta, the forensic pathologist who actually performed the autopsy, relied on the coroner's investigative report regarding the victim's body shortly after trial. Like the autopsy report in *United States v. James*, the coroner's report was not created for the purpose of establishing or proving some fact at trial, and therefore is likely not testimonial evidence.

Moreover, even if the coroner's report is testimonial evidence, it was not introduced into evidence at trial. "Introduction of opinion testimony does not violate the Confrontation Clause when the experts rely on their independent judgment—even when this independent judgment is based on inadmissible evidence"—unless the expert is simply "parroting" the out-of-court statement.[52] Here, Dr. DeFatta used his independent judgment in assessing the findings in the coroner's investigative report and coming to a conclusion as to the victim's cause of death. Therefore, Dr. DeFatta's mere reliance on the report in forming his expert opinion did not violate the Confrontation Clause. Accordingly, upon a de novo review, the state courts' denial of relief on

---

[49] *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004).

[50] *United States v. James*, 712 F.3d 79 (2d Cir. 2013); *United States v. De La Cruz*, 514 F.3d 121, 133 (1st Cir. 2008); *United States v. Feliz*, 467 F.3d 227 (2d Cir. 2006).

[51] 712 F.3d at 88 (quoting *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009)).

[52] *United States v. Kamahele*, 748 F.3d 984, 1000 (10th Cir. 2014) (citing *United States v. Johnson*, 587 F.3d 625, 634–35 (4th Cir.2009)).

this claim was not contrary to, or an unreasonable application of, clearly established federal law, and Petitioner is not entitled to habeas relief on this claim.

**B.      *Outside Influences Denied Petitioner a Fair Trial***

Petitioner objects to the Magistrate's finding that outside influences—specifically media exposure of two jurors—did not deny Petitioner a fair trial.[53] Accordingly, the Court reviews this claim de novo.

The Sixth Amendment guarantees criminal defendants a right to a fair trial by an impartial jury.[54] A jury's verdict must be based solely on the evidence developed at trial.[55]   However, "'[i]t is not required . . . that the jurors be totally ignorant of the facts and issues involved' in a case."[56] "[T]he mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is insufficient to rebut the presumption that a prospective juror is impartial if the juror can lay aside his or her impression and render a verdict based on the evidence presented in court."[57]

In Petitioner's case, when polled by the judge, one juror testified that his father told him the verdict in Petitioner's wife's trial,[58] and another juror testified that he saw a headline about the case on a news website but did not read the article.[59] Both jurors testified that the information

---

[53] Rec. Doc. 14 at 10.

[54] U.S. Const. amend. VI.

[55] *Smith v. Phillips*, 455 U.S. 209, 217 (1982).

[56] *Willie v. Maggio*, 737 F.2d 1372, 1379 (5th Cir. 1984) (quoting *Irwin v. Dowd*, 366 U.S. 717, 722 (1961)).

[57] *Id.*

[58] State Rec., Vol. II of IV, Trial Transcript, pp. 265–66.

[59] *Id.* at 410–12.

would not affect their impartiality.[60] Neither juror received information about Petitioner's trial that would give them a preconceived notion of guilt. Petitioner speculates that these outside influences caused the jurors to be partial, but he has failed to present any evidence to prove partiality. Accordingly, the Court finds that the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.  Therefore, Petitioner is not entitled to habeas relief on this claim.

## C.     *Ineffective Assistance of Counsel*

Petitioner asserts that he received ineffective assistance of counsel when his trial counsel did not object or request a mistrial after the two jurors made statements that Petitioner contends showed partiality from outside influences and also when his trial counsel did not raise this issue on appeal.[61] The Magistrate Judge found that Petitioner is not entitled to federal habeas relief on this claim.[62] Petitioner objects to the Magistrate Judge's finding; therefore, the Court will review this claim de novo.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[63] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[64]

---

[60] *Id.* at 265, 411.

[61] Rec. Doc. 5-1 at 15–16.

[62] Rec. Doc. 14 at 12–15.

[63] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[64] *Id.* at 697.

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[65] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[66] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[67]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[68] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[69] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[70]

In the instant case, the state courts rejected Petitioner's ineffective assistance of counsel claim.[71] Because Petitioner repeats the same ineffective-assistance claim on federal habeas corpus review, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher

---

[65] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[66] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[67] *See Strickland*, 466 U.S. at 689.

[68] *Id.*

[69] *Id.*

[70] *Crockett*, 796 F.2d at 793.

[71] State Rec., Vol. III of IV, Judgment on Post-Conviction Relief with Reasons, 8/23/12.

threshold."[72]  In addition, "because the *Strickland* standard is a general standard, a state court has

even more latitude to reasonably determine that a defendant has not satisfied that standard."[73]

Thus, this standard is considered "doubly deferential" on habeas *corpus* review.[74]  For the reasons

discussed below, Petitioner has not shown that the state court's decision was unreasonable under

this doubly deferential standard.

Petitioner claims that his trial counsel's failure to object to or ask for a mistrial after two

jurors stated they had outside knowledge of his case constituted ineffective assistance of counsel.

The United States Supreme Court has cautioned courts not to second-guess counsel's decisions on

matters of trial tactics through the distorting lens of hindsight.[75] Courts are to employ a strong

presumption that counsel's conduct falls within a wide range of reasonable assistance and, under

the circumstances, might be considered sound trial strategy.[76] "A conscious and informed decision

on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel

unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[77] The failure to

object generally falls "within the ambit of trial strategy."[78]

---

[72] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[73] *Id.*

[74] *Id.*

[75] *Strickland*, 466 U.S. at 689.

[76] *Id.*

[77] *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

[78] *Rios-Delgado v. United States*, 117 F. Supp. 2d 581, 589 (W.D. Tex. 2000) (quoting *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)).

Here, counsel's decision not to object after the jurors admitted to some outside knowledge of the case was clearly a matter of trial strategy. Moreover, the trial court questioned each juror about their prior knowledge and was satisfied as to the juror's impartiality.[79] Therefore, no prejudice resulted from counsel's failure to object because an objection likely would not give rise to a different outcome. Accordingly, on de novo review and under the deferential standards of review mandated by the AEDPA, the Court finds Petitioner's ineffective assistance of counsel claim without merit.

### D.    *Sufficiency of the Evidence*

Petitioner objects to the Magistrate Judge's finding that there was sufficient evidence to support his conviction.[80] Therefore, the Court reviews this claim de novo.

A sufficiency of evidence claim presents a mixed question of law and fact; therefore, this Court must defer to the state court's decision rejecting Petitioner's claim unless he shows that the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[81]

In *Jackson v. Virginia*, the Supreme Court held that a state prisoner is entitled to habeas *corpus* relief if a federal judge finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[82]   Under, *Jackson* the Court must determine whether "*any* rational trier of fact could have found the essential elements

---

[79] State Rec., Vol II of IV, Trial Transcript, 9/23/08, 9/24/08, pp. 265–66, 410–12.

[80] Rec. Doc. 15 at 4.

[81] 28 U.S.C. 2254(d)(1).

[82] *Jackson v. Virginia*, 443 U.S. 307, 325 (1979).

of the crime beyond a reasonable doubt."[83]  This Court must examine the evidence in the light most favorable to the prosecution.[84]  To determine whether a conviction is supported by the record, the Court must review the substantive elements of the criminal offense as defined by state law.[85]

Petitioner was convicted of second degree murder where the killing occurred during the perpetration of cruelty to a juvenile victim. Under Louisiana law, second degree murder is the killing of a human being:

> (1) When the offender has a specific intent to kill or to inflict great bodily harm; or
> (2) When the offender is engaged in the perpetration or attempted perpetration of . . . cruelty to juveniles . . . even though he has no intent to kill or to inflict great bodily harm.[86]

Cruelty to juveniles is defined as "[t]he intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child."[87]

In Petitioner's case, the record includes facts which show that Petitioner either intentionally or negligently abused or neglected the victim, causing the infliction of unjustifiable pain and ultimately death. The evidence presented at trial established that the four-year-old victim was severely abused while in Petitioner's care, and the medical testimony established that the victim's death was due to battered-child syndrome.[88]  Moreover, at trial, Petitioner testified that he

---

[83] *Id.* at 319 (emphasis added).

[84] *Id.*

[85] *Id.* at n.16.

[86] La. R.S. 14:30.1.

[87] La. R.S. 14:93.

[88] *State v. Sylve*, 2009-0643 (La. App. 1 Cir. 9/11/09); State Rec., Vol. III of IV.

occasionally struck the victim in order to make him cry.[89] Accordingly, the Court finds that the state courts' denial of relief on this claim was not contrary to, or an unreasonable application of, federal law, and Petitioner is not entitled to habeas relief on this claim.

## V. Conclusion

For the reasons stated above, the Court finds that the state courts' decisions to deny relief on each of Petitioner's claims were not contrary to, or an unreasonable application of, federal law. Therefore, Petitioner is not entitled to habeas relief. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this ___1st___ day of September, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[89] *Id.*